UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Kurt Trussell,
    **Plaintiff,**

v.

Terminal Warehouse Company, LLC.
    **Defendant.**

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby brings this action against Defendant for discrimination on the basis of sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). In support of his Complaint, Plaintiff states as follows:

### Parties

1. Plaintiff is a resident of Duval County, Florida.

2. Defendant specializes in warehousing, logistics, and distribution services in Duval County, Florida.

3. Plaintiff was employed by Defendant as a Warehouse Supervisor from February 19, 2024, until his termination on August 19, 2025.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964.

5. Venue is proper in this district under 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred within the Middle District of Florida, specifically in Jacksonville, Duval County, Florida.

## Administrative Prerequisites

6. Plaintiff timely filed a Charge of Discrimination with the EEOC, Charge No. 510-2025-09997, alleging discrimination based on sexual orientation and retaliation.

7. Plaintiff received a Notice of Right to Sue from the EEOC.

8. Plaintiff has completed all administrative prerequisites.

## Facts

9. Defendant employed Plaintiff as a Lead Operations Coordinator, and he was later promoted to the position of Warehouse Supervisor.

10. Plaintiff was employed by Defendant from February 19, 2024, until his termination on August 19, 2025.

11. Defendant employed Plaintiff as an hourly employee at a rate of $31.05 per hour.

12. Plaintiff's primary duties consisted of managing and supervising day-to-day warehouse operations and personnel.

13. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Duval County, Florida.

14. Plaintiff is a bisexual male.

15. Despite Plaintiff's sexual orientation, Plaintiff is qualified to perform the essential functions of the general manager position.

16. On or about January 2025, Plaintiff's subordinate, Tiffany Collins, disclosed his sexual orientation (bisexual) to Keith Jones, the General Manager, after being informed that the Plaintiff had been selected for the Warehouse Supervisor position instead of her.

17. After that, Plaintiff began to experience ongoing harassment and a hostile work environment because of his sexual orientation.

18. Mr. Jones shut Plaintiff out of key communications and workplace decisions because of his sexual orientation, while making derogatory comments about Plaintiff.

19. On July 9, 2025, Plaintiff submitted a formal written complaint to HR, thoroughly detailing sexual orientation discrimination and harassment, but no corrective action was taken.

20. After making his initial complaint to HR, Defendant initiated an investigation, and the work environment worsened for Plaintiff, who began to face ongoing harassment and a hostile work environment.

21. On or about August 1, 2025, the Driving Manager, known as "Duck," made homophobic and threatening remarks toward Plaintiff in front of the entire office.

22. Later that same day, he played the song "Who Shot Ya" by Tupac at an extremely high volume in an attempt to intimidate Plaintiff.

23. As a result, Plaintiff requested to leave work early out of fear for his safety. That day turned out to be his last at the office.

24. Later that day, Plaintiff submitted a new written complaint to the COO, Jeremy Riddle, regarding the incident involving "Duck," which occurred after his initial complaint to HR.

25. Again, no action was taken to resolve the situation; instead, he was terminated just a few weeks later.

26. Despite Plaintiff's efforts to report the situation to HR and the COO, Jeremy Riddle, no resolution was achieved. Instead, his complaints were met with retaliation, ultimately resulting in his wrongful termination.

27. Plaintiff's termination was a direct act of retaliation for reporting sexual discrimination and harassment in the workplace.

28. Plaintiff truly valued his work at Defendant, which made the harassment, discrimination, and ultimate termination even more devastating for him.

29. Due to the severe emotional distress resulting from the harassment and discriminatory treatment Plaintiff endured, he sought treatment from a therapist.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to loss of income and emotional distress.

31. In July 2025, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging unlawful sexual discrimination and retaliation.

32. On August 18, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue.

33. Plaintiff has timely filed this action.

34. Plaintiff demands a trial by jury.

## COUNT I
## SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

36. Plaintiff was employed by Defendant from February 19, 2024, until his termination on August 19, 2025.

37. Throughout his employment, Plaintiff was repeatedly subjected to discrimination by Defendant on the basis of his sexual orientation, as he is a bisexual man.

38. Plaintiff complained about and objected to Defendant's unlawful employment practices, which subjected him to harassment, discrimination, and a hostile work environment on the basis of his sexual orientation.

39. Plaintiff was entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as a member of a protected class based on his sex, which includes sexual orientation.

40. Defendant is an employer with more that fifteen employees.

41. Defendant is engaged in interstate commerce as defined by law.

42. Plaintiff was subjected to repeated, continual, ongoing and direct discrimination and harassment on the basis of Plaintiff's sexual orientation (bisexual).

43. Defendant's harassment of Plaintiff because of Plaintiff's sexual orientation was so severe and pervasive that is permeated every aspect of Plaintiff's employment. Indeed, the harassment became a condition of Plaintiff's employment.

44. Plaintiff subjectively perceived the behavior to be harassing. Likewise, a reasonable person would consider the behavior to be harassing.

45. Plaintiff suffered damages.

## COUNT VI – RETALIATION IN VIOLATION OF TITLE VII

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

47. Plaintiff is a member of a protected class based on his sexual orientation.

48. During Plaintiff's employment with Defendant, he complained in good faith about discrimination based on his sexual orientation (bisexual).

49. Plaintiff subjectively believed that he was being discriminated against because of his sexual orientation (bisexual). Similarly, objectively Plaintiff was discriminated against because of his sexual orientation (bisexual).

50. Defendant terminated Plaintiff because he complained about discrimination and harassment on the basis of his sexual orientation.

51. But for Plaintiff's complaints about harassment, Defendant would not have fired Plaintiff.

52. Plaintiff was damaged monetarily and emotionally, as a direct result of the termination.

53. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiffs request an award of damages against Defendant including back pay, front pay, compensatory damages, punitive damages, attorney's fees, court costs, and interest, as well as other such relief this Court deems proper.

DATED this November 18, 2025.

        **/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Service@KyleLeeLaw.com